IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL ALBERT DAIGGER, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-08-CA-567-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 12). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 33rd Judicial District Court of Burnet County, Texas, in cause

number 9847, styled The State of Texas v. Daniel Albert Daigger. Petitioner was convicted of possession or transport of certain chemicals with intent to manufacture a controlled substance. As a result he was sentenced to 99 years in prison and a $10,000.00 fine. Petitioner's conviction was affirmed on July 7, 2006. Daigger v. State, No. 03-04-00666-CR, 2006 WL 1865097 (Tex. App. – Austin 2006, pet. ref'd). Petitioner's petition for discretionary review was subsequently refused on February 28, 2007. Daigger v. State, PDR No. 1343-06. Petitioner also challenged his conviction in a state application for habeas corpus relief. Ex parte Daigger, Appl. No. 69,910-01. The Texas Court of Criminal Appeals denied the application without written order on June 4, 2008. Id. at cover.

**B.    Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> A trooper with the Department of Public Safety stopped Daigger for running a stop sign. As the trooper approached Daigger's car, he noticed a black tube sticking out of the slightly ajar trunk. Daigger got out of his car as soon as he pulled over, and the trooper became concerned when Daigger would not make eye contact. The trooper smelled an overwhelming odor that, based on his experience and training in hazardous materials, he believed was anhydrous ammonia. Police witnesses testified that anhydrous ammonia is used to manufacture methamphetamine, that it should be stored and transported in certified containers because of its corrosive properties and volatility, that its fumes are very dangerous and can sicken or kill those who inhale it, and that portable propane tanks are often used by drug manufacturers to transport the chemicals needed to make methamphetamine. When the trooper saw three portable propane tanks in Daigger's trunk, he placed Daiggert [sic] under arrest and concluded that the canisters were leaking and posed a "poison inhalation hazard." Daigger's car, still containing the canisters, was placed on a flatbed wrecker and driven to a police facility. The police, worried that the tanks might explode, decided to ventilate the tanks by shooting holes in them from a distance and then immediately hosing down the resulting vapors with a fire hose. Spraying ammonia vapors with water brings the vapors to the ground and renders the ammonia harmless. It is

standard procedure when dealing with such chemicals to have firefighters and emergency medical personnel on hand.

Daigger v. State, No. 03-04-00666-CR, 2006 WL 1865097 at *2 (Tex. App. – Austin 2006, pet. ref'd).

**C.** **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His conviction was based on evidence gathered from an illegal search and seizure;

2. He was convicted under a statute that is unconstitutionally vague;

3. The state violated his due process rights by destroying the evidence;

4. Prosecutorial misconduct violated his due process rights;

5. He was denied effective assistance of counsel at trial when his attorney failed to:

    a. adequately investigate his case;

    b. contradict the prosecutor's case or present alternative explanations for Petitioner's possession of the chemicals in question;

    c. complain of lost exculpatory evidence;

    d. ask for a directed verdict;

    e. make the state prove identity, quantity or intent;

    f. object to testimony about the Nazi method of manufacture, inadequate notice of enhancements, or use of state jail felony as an enhancement; and

    g. ask for instruction about a lesser included offense;

6. He was denied effective assistance of counsel on appeal for counsel's failure to raise additional meritorious claims;

7. The evidence was legally and factually insufficient to sustain the conviction; and

8. He is actually innocent.

**D.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**E.    Unexhausted Claim**

In his response to the respondent's answer Petitioner additionally argues defense counsel had a conflict of interest in that he had been elected county attorney prior to trial. Petitioner did not raise this claim in his state application for habeas corpus relief. As such, Petitioner has not exhausted his state court remedies. Petitioner's unexhausted claim is procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issue would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would

now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997). Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claim.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Fourth Amendment**

In his first ground for relief Petitioner argues his conviction was obtained by the use of evidence obtained from an unlawful search and seizure. Although Respondent acknowledged Petitioner's claim, he failed to address it. Nevertheless, the Court finds Petitioner is not entitled to habeas corpus relief.

6

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976). In this case, Petitioner clearly had a full and fair opportunity to litigate his Fourth Amendment claims in state court. Although Petitioner did not raise this precise issue prior to trial, he did move to suppress certain oral statements. The state trial court held a hearing on Petitioner's motion to suppress, which was granted. Because Petitioner had a full and fair opportunity to litigate his additional Fourth Amendment claim, he is not entitled to habeas corpus relief.

**C.    Vagueness**

In his second claim for relief Petitioner argues he was convicted under a statute that is unconstitutionally vague. Specifically, Petitioner challenges the statute because it fails to specify what quantity of anhydrous ammonia is necessary to be in violation of the statute.

At the time Petitioner committed his crime Section 481.124 of the Texas Health and Safety Code provided, in relevant part:

> (a) A person commits an offense if, with intent to unlawfully manufacture a controlled substance, the person possesses or transports:
>
>   (1) anhydrous ammonia;
>
>   (2) an immediate precursor; or
>
>   (3) a chemical precursor or an additional chemical substance named as a precursor by the director under Section 481.077(b)(1).
>
> (b) For purposes of this section, an intent to unlawfully manufacture the controlled substance methamphetamine is presumed if the actor possesses or transports:

7

(1) anhydrous ammonia in a container or receptacle that is not designed and manufactured to lawfully hold or transport anhydrous ammonia;

(2) lithium metal removed from a battery and immersed in kerosene, mineral spirits, or similar liquid that prevents or retards hydration; or

(3) in one container, vehicle, or building, phenylacetic acid, or more than nine grams, three containers packaged for retail sale, or 300 tablets or capsules of a product containing ephedrine or pseudoephedrine, and:

>(A) anhydrous ammonia;
>
>(B) at least three of the following categories of substances commonly used in the manufacture of methamphetamine:
>
>>(i) lithium or sodium metal or red phosphorus, iodine, or iodine crystals;
>>
>>(ii) lye, sulfuric acid, hydrochloric acid, or muriatic acid;
>>
>>(iii) an organic solvent, including ethyl ether, alcohol, or acetone;
>>
>>(iv) a petroleum distillate, including naphtha, paint thinner, or charcoal lighter fluid; or
>>
>>(v) aquarium, rock or table salt; or
>
>(C) at least three items of equipment subject to regulation under Section 481.080, if the person is not registered under Section 481.063.

(c) For purposes of this section, a substance is presumed to be anhydrous ammonia if the substance is in a container or receptacle that is:

>(1) designed and manufactured to lawfully hold or transport anhydrous ammonia; or

> (2) not designed and manufactured to lawfully hold or transport anhydrous ammonia, if:
>
>> (A) a properly administered field test of the substance using a testing device or instrument designed and manufactured for that purpose produces a positive result for anhydrous ammonia; or
>>
>> (B) a laboratory test of a water solution of the substance produces a positive result for ammonia.

TEX. HEALTH & SAFETY CODE Ann. § 481.124 (West 2004).

"A penal statute is void for vagueness unless it 'define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " Buckley v. Collins, 904 F.2d 263, 266 (5th Cir.), cert. denied, 498 U.S. 990, 111 S. Ct. 532 (1990) (quoting Kolender v. Lawson, 461 U.S. 352, 356-58, 103 S. Ct. 1855, 1858 (1983)). Here, the prohibited conduct is narrowly tailored so as to avoid arbitrary enforcement. In plain terms, the statute criminalizes possession of any amount of anhydrous ammonia in an unapproved container. See also Shaffer v. State, 184 S.W.3d 353, 362-365 (Tex. App. – Fort Worth 2006, pet. ref'd) (holding that § 481.124 is not unconstitutionally vague). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.     Destruction of Evidence**

In his third claim for relief Petitioner argues the chemical containers in question were destroyed, thereby depriving him of access to potentially exculpatory evidence. In order to establish

a 14th amendment due process violation based on the destruction of evidence potentially useful to the defendant, a defendant must show that law enforcement acted in bad faith in destroying the evidence. Arizona v. Youngblood, 488 U.S. 51, 109 S. Ct. 333 (1988). In Petitioner's case the evidence showed that the fire department and law enforcement officers were worried that the tanks might explode and decided to ventilate the tanks by shooting holes in them from a distance and then immediately hosing down the resulting vapors with a fire hose. 3 RR 102-103, 107, 115-16. Petitioner has not presented the Court with any evidence that the containers were destroyed in bad faith. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**E.     Prosecutorial Misconduct**

In his fourth ground for relief Petitioner argues the prosecutors used small town bias to convict him. In his response to Respondent's answer Petitioner clarifies that the prosecutor allegedly inflamed the jury during voir dire when inferences were made regarding methamphetamine problems in the community. Petitioner fails to cite to the record to support his claim. The Court has reviewed the transcript of the entire voir dire proceeding and found no reference by the prosecutor to a methamphetamine problem in the community. Accordingly, Petitioner's claim is without merit.

Petitioner also argues he was prosecuted despite insufficient evidence to sustain the conviction. As explained below, Petitioner's insufficiency of the evidence claim is procedurally barred. Alternatively, the evidence was sufficient to support Petitioner's conviction. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the

state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

F.  **Ineffective Assistance of Trial Counsel**

In his fifth ground for relief Petitioner argues that he was denied effective assistance of counsel. Specifically, Petitioner argues counsel was ineffective by failing to: (1) adequately investigate his case; (2) contradict the prosecutor's case or present alternative explanations for Petitioner's possession of the chemicals in question; (3) complain of the lost exculpatory evidence; (4) ask for a directed verdict; (5) make the state prove identity, quantity or intent; (6) object to testimony about the Nazi method of manufacture, inadequate notice of enhancements or the use of a state jail felony as an enhancement; and (7) ask for an instruction about a lesser included offense.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

    1.    <u>Failure to Investigate</u>

Petitioner generally argues his counsel failed to adequately investigate his case. An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance. Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994). However, in order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Lockhart v. McCotter, 782 F.2d 1275, 1282-83 (5th Cir. 1986), cert. denied, 479

U.S. 1030, 107 S. Ct. 1360 (1987). Petitioner fails to offer any specific facts supporting his contention that his counsel failed to investigate his case.

  2.   Failure to Contradict Prosecution

Petitioner argues counsel failed to contradict the prosecutor's case or present alternative explanations for Petitioner's possession of the chemicals in question. However, Petitioner's claim is refuted by the record. As explained by Respondent, counsel made a strong argument that the substance was not anhydrous ammonia and that the field test was performed in a faulty manner, making the test unreliable.

  3.   Failure to Complain of Lost Exculpatory Evidence

Petitioner argues counsel failed to complain of lost evidence that held exculpatory value. The Court presumes Petitioner is referring to the contents of the three canisters. Counsel is not ineffective in failing to raise futile or meritless objections. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). There was no evidence presented at trial to indicate evidence was destroyed in bad faith. Accordingly, counsel was not deficient.

  4.   Failure to Ask for a Directed Verdict

Petitioner suggests counsel should have requested a motion for a directed verdict. A motion for a directed verdict would have been futile, as there was sufficient evidence to support Petitioner's conviction.

  5.   Failure to Make the State Prove Identity, Quantity, or Intent

Petitioner repeatedly argues counsel failed to make the state prove identity, quantity or intent. As explained by Respondent, the State's burden of proof exists independently of his counsel's

intentions, and defense counsel does not have any power to make the prosecution prove anything. Morever, the evidence was sufficient to support Petitioner's conviction.

      6.     <u>Failure to Object</u>

Petitioner alleges counsel was ineffective for failing to object to testimony about the Nazi method of manufacture, inadequate notice of enhancements or use of a state jail felony as an enhancement. However, Petitioner does not explain why he believes the testimony regarding the Nazi method of manufacture should have been excluded. Additionally, the record does not reflect that Petitioner was not given sufficient notice of the State's intent to enhance or that the state jail felony was used to improperly enhance Petitioner's sentence. As explained above, counsel is not required to make frivolous objections.

      7.     <u>Failure to Request Instruction</u>

Petitioner also argues counsel was ineffective for failing to seek a conviction for the lesser included offense of unlawful use of a criminal instrument when it was shown the containers were empty. Contrary to Petitioner's argument, the evidence at trial showed that the containers were not empty and contained anhydrous ammonia.

      8.     <u>Conclusion</u>

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel. Alternatively, Petitioner has simply not shown that his counsel's performance was below standard or that Petitioner was prejudiced thereby.

## G. Ineffective Assistance of Appellate Counsel

In his sixth ground for relief Petitioner argues appellate counsel was ineffective because she failed to raise additional meritorious claims. Specifically, Petitioner asserts counsel should have challenged the sufficiency of the evidence.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469 U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))). Appellate counsel is not ineffective because she failed to raise the issues presented by the defendant or because she failed to raise every possible point on appeal. Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991).

The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. United States v. Leahy, 82 F.3d 624, 633 (5th Cir. 1996).

Counsel was not ineffective for failing to challenge the sufficiency of the evidence in Petitioner's case. Petitioner was found guilty of possession or transport of certain chemicals with intent to manufacture a controlled substance, namely methamphetamine pursuant to Section 481.124

of the Texas Health and Safety Code. A person commits an offense if, with intent to unlawfully manufacture a controlled substance, the person possesses or transports anhydrous ammonia. TEX. HEALTH & SAFETY CODE Ann. § 481.124(a)(1). Intent is presumed if the actor possesses or transports anhydrous ammonia in a container that is not designed and manufactured to lawfully hold or transport anhydrous ammonia. TEX. HEALTH & SAFETY CODE Ann. § 481.124(b)(1).

The evidence at trial showed Petitioner was transporting anhydrous ammonia in canisters that were not designed and manufactured to lawfully hold or transport anhydrous ammonia. A field test conducted on the vapors, leaking from one of the canisters, produced a positive result for anhydrous ammonia, and Petitioner told the arresting officer the canisters contained anhydrous ammonia.

There is no doubt that the evidence in Petitioner's case was sufficient to support his conviction. Accordingly, Petitioner's counsel was not ineffective for failing to challenge the sufficiency of the evidence on appeal. In addition, Petitioner has not shown that he was prejudiced by counsel's failure to raise such claim. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**H.      Sufficiency of the Evidence and Actual Innocence**

In his final ground for relief Petitioner alleges the evidence presented at trial was factually insufficient to support his conviction. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979). Instead of

viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." Id. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. Id. at 129-30; Bigby v. State, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994). However, while Texas has permitted factual sufficiency reviews, under authority derived from Texas law, there is no corresponding federal right to such reviews under the United States Constitution. Under settled Fifth Circuit authority, a state may impose a more exacting standard for determining the sufficiency of the evidence but challenges to state convictions under § 2254 need only satisfy the Jackson standard. West v. Johnson, 92 F.3d 1385, 1394 (5th Cir. 1996); Schrader v. Whitley, 904 F.2d 282, 284 (5th Cir. 1990); Jones v. Butler, 864 F.2d 348, 361 (5th Cir. 1988). Accordingly, Petitioner's claim attacking the factual sufficiency of the evidence is not cognizable in federal habeas proceedings.

Petitioner also alleges the evidence presented at trial was legally insufficient to support his conviction. However, Petitioner did not challenge the sufficiency of the evidence in his direct appeal. Texas law precludes a defendant from challenging the sufficiency of the evidence in an application for writ of habeas corpus. Ex Parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); Ex parte McClain, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). A state prisoner who fails to present such a claim to the Texas Court of Criminal Appeals in a petition for discretionary review is procedurally barred from raising the issue in state court and cannot obtain federal habeas relief on that basis. See West v. Johnson, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996); Renz v. Scott, 28 F.3d

17

431, 432 (5th Cir. 1994). See also Sawyer v. Whitley, 505 U.S. 333, 338, 112 S. Ct. 2514, 2518 (1992) (federal court may not consider merits of habeas claim if state court has denied relief due to procedural default); Ellis v. Lynaugh, 873 F.2d 830, 837-38 (5th Cir. 1989) (same). Petitioner's failure to present his claim attacking the sufficiency of the evidence to the Texas Court of Criminal Appeals prior to his state habeas application is insufficient to preserve the issue for federal habeas relief. See Kittelson v. Dretke, 426 F.3d 306, 317 n.26 (5th Cir. 2005) (noting under Texas law, prisoner cannot seek habeas review of sufficiency of evidence claim that was available but not raised on direct appeal); Haley v. Cockrell, 306 F.3d 257, 264 (5th Cir. 2002), vacated on other grounds, 541 U.S. 386, 124 S. Ct. 1847 (2004) (when defendant fails to properly exhaust claims based on sufficiency of the evidence, court may find claims procedurally barred if the "time to file a petition for discretionary review has expired"). Accordingly, the Magistrate Court finds Petitioner is not able to seek federal habeas relief on his claims attacking the sufficiency of the evidence in this action. Alternatively, Petitioner's claim is without merit, as the evidence was sufficient to support his conviction.

To the extent Petitioner is attempting to raise a freestanding innocence claim, his claim fails. The Fifth Circuit does not recognize actual innocence as a basis for federal relief under § 2254. In re Swearingen, 556 F.3d 344 (5th Cir. 2009). Moreover, in this case Petitioner has failed to demonstrate his actual innocence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3 day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE